The application for an alternative writ is denied.

*Application denied.*

PETREE, P. J., BRYANT and MILLER, JJ., concur.

DILLARD ET AL., APPELLEES, *v.* EARL A. SCHOTT, INC., APPELLANT, ET AL.

(No. 8405—Decided May 19, 1958.)

*Messrs. Osborne, Chacksfield & Osborne,* for appellees.
*Mr. Bernard C. Fox,* for appellant.

*Per Curiam.* This is an action for fraud or deceit involved in the exchange of automobiles. The appellant defendant, herein called defendant, was a dealer in used automobiles. Plaintiff

Dillard owned a used automobile subject to a mortgage to secure a debt of $484.28. Dillard desired to exchange his automobile for a later model and, in company with Powers, went to the defendant's place of business with that in mind. Powers' only relation to this transaction was that of a surety for Dillard. Dillard proceeded to negotiate with the defendant's salesman, transferred his used automobile to defendant and accepted delivery of the later model from defendant, which he took with him when he left. It was explained to the salesman that he was not in a position to make a cash payment, and thereupon the salesman informed him that he would assist him in obtaining the money for the cash payment. It was rather late at night, and, on the suggestion of the salesman, Dillard signed certain papers necessary to finance the transaction and containing certain blanks, with authority to defendant to fill in the blanks in accordance with the verbal agreement. One of the papers was a note to a loan company for $310, which Dillard used to make the cash payment. Another was a chattel mortgage upon the automobile purchased by Dillard. This was later immediately transferred to Associates Discount Corporation, the codefendant, which was dismissed from this action.

The claim of the plaintiffs, as set forth in the petition, is that the verbal agreement was that the purchase price of the automobile was $1,000 and Dillard's used automobile, subject to the mortgage, and that the defendant fraudulently inserted the figure, $1,597, in the blank as the purchase price.

The plaintiffs allege that as soon as they discovered that the defendant had inserted the figure, $1,597, in the blank, Dillard returned the automobile that had been delivered to him, demanded the return of the money he had paid and the papers, and, in effect, rescinded the contract as far as it lay in his power to so do.

The plaintiffs pray for rescission and judgment for $1,942.60 and attorney fees. There is no prayer for punitive damages.

The evidence is conflicting as to the purchase price. The plaintiffs testified that it was $1,000 and the used automobile. The defendant's witnesses testified that it was correctly stated in the documents.

The trial court charged the jury on punitive damages, and the jury returned a verdict for $2,500, which the court later reduced to $1,942.60, for which judgment was rendered.

We find no error prejudicial to the defendant in the trial of this case except the inclusion in the general charge of the issue of punitive damages.

Whatever fraud was chargeable against the defendant was the act of the salesman in reporting the sale price at a higher figure than that agreed upon. Although the defendant's manager accepted the word of the salesman and acted upon it, there is no evidence that he knew it was false. He was under no duty to assume that the statements of the salesman were false and that the statements of Dillard were true.

Dillard testified that his used automobile was worth $700, upon which there was a mortgage for $484.28, leaving an equity of $215.72. He testified that he paid to defendant $310 upon the purchase price and became obligated to Associates Discount Corporation for $816.88, making a total actual damage of $1,341.60, plus interest, suffered by Dillard.

We are of the opinion that the issue of punitive damages should not have been submitted to the jury, and that no award of such damages should have been included in the verdict and judgment.

The case at bar is easily distinguishable on its facts from the case of *Saberton* v. *Greenwald,* 146 Ohio St., 414, 66 N. E. (2d), 224, 165 A. L. R., 599. In that case, the defendant was an individual and was present and actively or passively participated in the transaction, out of which the charge of fraud arose. That participation is set forth in the majority opinion, at page 429.

We conclude that the judgment below should be modified by reducing its amount to the actual damage of $1,341.60, plus interest.

For these reasons, the judgment is modified, as above stated, and, as modified, is affirmed.

*Judgment modified and, as modified, affirmed.*

HILDEBRANT, P. J., MATTHEWS and LONG, JJ., concur.